## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

HEATHER JOHNSON,
14 Maple Wood Lane
Madison, WI 53704

                      Plaintiff,

Case No.: 3:13-cv-00144-wmc

v.

BANKERS LIFE AND CASUALTY
COMPANY,

                    Defendant.

### ~~PLAINTIFF'S PROPOSED~~ PROTECTIVE ORDER

The Parties agree that this litigation arises in a competitive industry where the disclosure of customer, contractor, financial, employee, and other confidential, proprietary and/or trade secret information could cause undue competitive harm or unfair competitive advantage. Therefore, the Parties have shown good cause for the entry of a Protective Order regarding the confidentiality of trade secret, proprietary, confidential or other non-public technical, commercial, financial, personal, or business information that is expected to be produced or provided in the course of discovery. For that reason,

IT IS HEREBY ORDERED THAT:

1.     Any Party, or third party under compulsion of legal process, producing material or information in this matter ("Producing Party") may designate such material or information as "Confidential" or "Attorney's Eyes Only" in which case such material or information shall be treated in accordance with the terms of this Protective Order.

2.     The term "Confidential Information" shall mean information that constitutes trade secrets, as defined in Wis. Stat. § 134.90(1)(c), or other confidential research, development, or commercial information which is not reasonably ascertainable by the public through lawful means, or information that the Producing Party is under an obligation to a third party to maintain as confidential.

3.     The designation "Confidential" may be applied only to material or information that is produced in this litigation by a Producing Party to any other Party ("Receiving Party"), that constitutes "Confidential Information" (as defined above).

4.     The designation "Attorney's Eyes Only" may be applied only to "Confidential Information" that consists of or contains highly sensitive commercial or proprietary information that the Producing Party reasonably believes is of such nature and character that disclosure of such information would be harmful to the Producing Party or may cause the Producing Party to violate state or federal laws.

5.     Any document or portion thereof that a Producing Party believes to contain Confidential or Attorney's Eyes Only information shall be so designated by stamping or otherwise applying on each page containing Confidential or Attorney's Eyes Only information the designation "Confidential" or "Attorney's Eyes Only," in which case such designated document and the information contained therein shall be treated in accordance with the terms of this Protective Order. Nothing in this Protective Order constitutes an admission of a Party that any information designated as "Confidential" or "Attorney's Eyes Only" by a Producing Party does in fact constitute a trade secret or Confidential Information or constitutes an agreement or admission with respect to the competency, relevance, or materiality of any such information. All documents produced by any Party which are delivered to the other Party in an electronic format

- 2 -

shall be treated as "Attorney's Eyes Only" pending discussions between counsel. If any Party wishes to remove the Attorney's Eyes Only designation from electronically produced documents, or any other documents, counsel shall meet and confer in good faith regarding same. If counsel are unable to agree, they shall refer the matter to the Court for resolution.

6.     All Confidential or Attorney's Eyes Only information not reduced to documentary, tangible, or physical form or which cannot be conveniently designated pursuant to Paragraph 5 shall be designated by the Producing Party by informing all Receiving Parties in writing.

7.     This Protective Order includes not only those items or things that are expressly designated as "Confidential" or "Attorney's Eyes Only," but also any information derived there from, and all copies, excerpts and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.

8.     "Qualified Person," as used herein, is limited to the following categories of persons:

> a.  any attorney appearing of record or of counsel in this case, other than in-house counsel, together with other attorneys at the firm(s) of counsel of record, and their employees including paralegal, secretarial, photocopying, document imaging, data entry, data processing, drafting, graphics, stenographic reporting, or clerical personnel;
>
> b.  subject to the conditions set forth in paragraphs 12 and 13, any independent technical or financial expert, independent consultant, or independent testing personnel and their employees serving any attorneys identified in Paragraph 8(a) for the purposes of this case, who shall first

have executed the AGREEMENT TO BE BOUND BY PROTECTIVE ORDER annexed hereto as Exhibit A;

c. any independent paralegal, secretarial, photocopying, document imaging, data entry, data processing, drafting, graphics, stenographic reporting or clerical personnel serving such attorneys identified in Paragraph 8(a) for the purposes of this case;

d. any court reporter or videographer employed or retained by a party for the purposes of transcribing and/or recording a deposition or inspection of premises;

e. any person indicated on the face of a document as having written or received such document during the course of his or her employment or consultancy; and, at trial or deposition, any current or former employee of the Producing Party ("Witness"), provided that the Producing Party's document was written or received prior to or during the Witness's period of employment;

f. non-technical jury or trial consulting services retained by outside counsel, who shall first have executed the AGREEMENT TO BE BOUND BY PROTECTIVE ORDER annexed hereto as Exhibit A ; and

g. the named parties and their employees or any putative class member or his or her employees.

9.    No other person shall become a Qualified Person without prior leave of the Court or prior written consent of the Producing Party.   Documents, testimony or information designated by a Producing Party as "Confidential" may be disclosed and copies may be provided

- 4 -

by the Receiving Party only to Qualified Persons as specified in paragraph 8(a) through (h), shall be retained by them in strictest confidence, shall only be used for the purpose of preparation for and trial of this action (including appeals), and shall not be disclosed to any person not specified in paragraph 8 without the prior written consent of the Producing Party. All Confidential Information obtained by a Qualified Person shall be carefully maintained so as to preclude access by anyone who is not a Qualified Person.

10.     Documents, testimony or information designated by a Producing Party as "Attorney's Eyes Only" may be disclosed and copies may be provided by the Receiving Party only to Qualified Persons as specified in paragraph 8(a) through (g), shall be retained by them in strictest confidence, shall be used only for the purpose of preparation for and trial of this action (including appeals), and shall not be disclosed to any person not specified in paragraph 8(a) through (g) without the prior written consent of the Producing Party. All Attorney's Eyes Only information obtained by a Qualified Person under paragraph 8(a) through (g) shall be carefully maintained so as to preclude access by anyone who is not a Qualified Person under paragraph 8(a) through (g).

11.     Except as otherwise agreed to by the parties, Confidential or Attorney's Eyes Only information may not be used in, or to form the basis for, any other proceeding or litigation. However, if such information is obtained independently it may be used for any reason in any future proceeding or litigation. Confidential or Attorney's Eyes Only information may be disclosed in response to a lawful subpoena issued in connection with grand jury proceedings, other criminal proceedings, or in civil proceedings, but only if notice and a copy of the subpoena are provided to the Producing Party by facsimile transmission or overnight mail at least five (5) business days in advance of such anticipated disclosure or, if the subpoena requires production of

- 5 -

such documents in less than five days, as soon as reasonably possible. Should the person seeking access to Confidential or Attorney's Eyes Only information take action against the Receiving Party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the Receiving Party shall respond, at a minimum, by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Confidential or Attorney's Eyes Only information covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order.

12.     All Qualified Persons, other than those designated in paragraphs 8(a), (c), (d), (e), and (f), shall be given a copy of this Protective Order prior to being shown any Confidential or Attorney's Eyes Only information. Each such person, prior to having access to said Confidential or Attorney's Eyes Only information, shall execute the AGREEMENT TO BE BOUND BY PROTECTIVE ORDER annexed hereto as EXHIBIT A and thereby agree not to disclose any Confidential or Attorney's Eyes Only information to anyone who is not a Qualified Person, shall agree not to make use of any such Confidential or Attorney's Eyes Only information other than for the purposes of this litigation, and shall agree to be subject to the jurisdiction of the court with respect to any issue arising out of this Protective Order.

13.     In the event that counsel for a Party deems it necessary to disclose any Confidential or Attorney's Eyes Only information of a Producing Party to any person not specified as a Qualified Person, said counsel shall notify counsel for the Producing Party in writing of (a) the information or documents to be disclosed, (b) the person(s) to whom such disclosure is to be made, and (c) the reason(s) for such disclosure, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the Party wishing to make

- 6 -

such disclosure shall file an appropriate motion with the Court. In the event of such motion, the Court shall rule as to whether such disclosure may be made at all and, if so, whether any restriction or limitation shall be placed on such disclosure.

14. Should any Confidential or Attorney's Eyes Only information be disclosed, through inadvertence or otherwise, to any person not authorized pursuant to the terms of this Protective Order, the disclosing party shall (a) use its best efforts to obtain the return of any such Confidential or Attorney's Eyes Only information; (b) promptly inform such person of all provisions of this Protective Order; (c) identify such person immediately in writing to the Party or third party that designated the Confidential or Attorney's Eyes Only information; and (d) request such person to sign an AGREEMENT TO BE BOUND BY PROTECTIVE ORDER in the form attached hereto as EXHIBIT A. The executed AGREEMENT TO BE BOUND BY PROTECTIVE ORDER shall promptly be served upon counsel of record for the Party or upon the third party that designated the Confidential or Attorney's Eyes Only information. Execution of an AGREEMENT TO BE BOUND BY PROTECTIVE ORDER under such circumstances shall in no way serve to convert the person signing such AGREEMENT TO BE BOUND BY PROTECTIVE ORDER into a Qualified Person.

15. Counsel for a Producing Party may redact specific material which the Producing Party believes, in good faith, is subject to the attorney-client privilege, work product immunity, or other legally cognizable privilege or immunity. Counsel for a Producing Party also may redact information which would qualify for protection as Attorney's Eyes Only Confidential Information, but which is irrelevant to any issue in this case and not reasonably calculated to lead to the discovery of relevant evidence. The deletion of all material redacted shall be clearly indicated by visibly marking the document with the word "REDACTED" or with a solid black

- 7 -

line where material has been deleted. Both parties reserve the right to challenge any redactions made by the Producing Party.

16.    All documents of any nature that are filed with the court for any purpose and that contain Confidential or Attorney's Eyes Only information shall be filed in sealed envelopes or other sealed containers that are marked with the caption of the litigation, that identify each document and thing contained therein and that bear a statement substantially in the following form:

> FILED UNDER SEAL
> CONTAINS CONFIDENTIAL INFORMATION
> SUBJECT TO A PROTECTIVE ORDER
> This envelope contains Confidential information
> and is not to be opened, nor the contents thereof
> displayed or revealed, except by order of the Court.

> or

> FILED UNDER SEAL
> CONTAINS CONFIDENTIAL INFORMATION – ATTORNEY'S EYES ONLY
> SUBJECT TO A PROTECTIVE ORDER
> This envelope contains Confidential information
> and is not to be opened, nor the contents thereof
> displayed or revealed, except by order of the Court.

17.    All deposition testimony automatically shall be treated as Attorney's Eyes Only for a period of ten (10) calendar days from the receipt of the transcript thereof.  After ten (10) calendar days, the information revealed during the deposition shall cease to be treated as Attorney's Eyes Only unless orally, on the record at the deposition, or in writing before the ten (10) days have expired, the witness or the witness' employer or counsel informs the deposing party that Confidential or Attorney's Eyes Only information of the witness or the witness' employer is set forth in the transcript and identifies the portions of the transcript that disclose such information.  In the case of non-party witnesses, any Party or non-party witness may

- 8 -

designate information revealed as Confidential or Attorney's Eyes Only information within ten (10) calendar days of receipt of the deposition transcript by counsel. Upon receipt of such notice that all or a portion of the deposition testimony is Confidential or Attorney's Eyes Only information, each party shall mark all copies of the transcript of the deposition within its possession, custody or control by placing the appropriate designation upon the cover of the transcript; however, failure to so mark transcript copies shall not be an actionable violation of this Protective Order. Thereafter, deposition testimony designated as Confidential or Attorney's Eyes Only information on the record or in writing shall continue to be treated as Confidential or Attorney's Eyes Only information in accordance with the terms of this Protective Order.

18.     Nothing in this Protective Order shall preclude any party representative(s), including but not limited to persons identified under Paragraph 8 of this Protective Order, from either side from attending a deposition. If and when any Confidential and/or Attorney's Eyes Only information is disclosed in deposition, and provided that such party representative(s) do not have authority to view such information under this Protective Order, the party representative shall leave the deposition for as long as the Confidential and/or Attorney's Eyes Only information is being discussed.

19.     If Confidential or Attorney's Eyes Only information is to be the subject of examination in deposition of a non-party witness who is not a Qualified Person, the following procedures shall apply. Confidential or Attorney's Eyes Only information shall not be provided to any such person without the Producing Party's prior written consent or oral consent during a deposition on the record, or without permission by the Court upon motion and notice. Confidential or Attorney's Eyes Only information shall not be disclosed unless and until the non-

- 9 -

party witness has signed the AGREEMENT TO BE BOUND BY PROTECTIVE ORDER attached as Exhibit A.

20.     Nothing herein shall be construed (a) as preventing any Party from using or continuing to use any information that, at the time of the disclosure, is publicly known through no unauthorized act of such Party, or (b) as preventing a Party from using or continuing to use any information known or used by it if such information was lawfully obtained by the Party other than through discovery of the Producing Party.  Should a dispute arise as to any specific information or material, the burden shall be upon the Party claiming that such information or material is or was publicly known or was lawfully obtained other than through discovery of the Producing Party.

21.     Nothing herein shall prevent any Party from contending, during the progress of this litigation, that any or all material or information designated "Confidential" or "Attorney's Eyes Only" does not, in fact, constitute or contain Confidential Information.  Grounds for such a contention may include that such designated Confidential or Attorney's Eyes Only information is or was publicly known at or prior to disclosure thereof in this litigation, that such designated Confidential or Attorney's Eyes Only information, after disclosure thereof, has become public knowledge as a result of lawful publication by an independent source who obtained the information lawfully, that such designated Confidential or Attorney's Eyes Only information was previously known by the Receiving Party, or that such designated Confidential or Attorney's Eyes Only information was later obtained in good faith by the Receiving Party from an independent source who obtained the information lawfully.  Any Party may request any Producing Party that designated information as Confidential or Attorney's Eyes Only information to remove that designation.  Such a request shall be in writing, stating the grounds

- 10 -

therefor, and shall be served on counsel for the Producing Party who designated the information as Confidential or Attorney's Eyes Only information. The requested change shall occur unless, within ten (10) calendar days after service of such notice, an objection for good cause is served on the Party requesting removal of the Confidential or Attorney's Eyes Only information designation. That objection may thereafter be resolved by agreement or by the Court. The Producing Party shall have the burden of establishing the need for maintaining the "Confidential" or "Attorney's Eyes Only" designation.

22.     Nothing in this Protective Order shall require a Party to challenge the propriety of any "Confidential" or "Attorney's Eyes Only" designation at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto.

23.     Notwithstanding the parties' designation of "Confidential" or "Attorney's Eyes Only" documents, testimony or information, any hearing that refers to or describes "Confidential" or "Attorney's Eyes Only" documents, testimony or information may be held in open court with records unsealed, provided the Producing Party is afforded reasonable notice of the Receiving Party's intent to disclose such documents, testimony or information  in open court, so that the confidentiality of such documents, testimony or information can be protected. However, any party may request or the Court may order that the portion of such proceeding where use thereof is to be made be held in camera with access thereto limited to Qualified Persons under this Protective Order. To the extent that the Court grants any such request, such Confidential or Attorney's Eyes Only information shall continue to be treated in accordance with the terms of this Protective Order.

24.     The inadvertent or unintentional failure by a Producing Party to designate specific documents or information as containing Confidential or Attorney's Eyes Only information shall

- 11 -

not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality as to such documents or information. Upon notice of such failure to designate, all Receiving Parties shall cooperate to restore the confidentiality of the inadvertently disclosed documents or information, without prejudice.

25.    When a Party produces files and records for inspection, no marking need be made in advance of the inspection. For purposes of the initial inspection, all documents in any produced files shall be considered marked as Attorney's Eyes Only. Thereafter, upon selection of specified documents for copying and by the inspecting party, the Producing Party shall mark the copies of such documents with the appropriate confidentiality marking at the time that the copies are produced to the Receiving Party.

26.    Making documents or other information available for inspection shall not, by itself, constitute a waiver by the Producing Party of any claim of confidentiality, but delivery of documents and things to a Receiving Party without designating such as Confidential or Attorney's Eyes Only information shall not constitute a waiver of any claim of confidentiality if such inadvertence or mistake is thereafter brought to the attention of the Receiving Party promptly after discovery by the Producing Party. Upon such notice, the Receiving Party shall, at the election of the Producing Party, re-mark the documents and things with the appropriate level of confidentiality or return said documents and things and not retain copies thereof for replacement by appropriately marked documents and things. Any summaries or notes of the inadvertently produced documents or things shall be treated as Confidential or Attorney's Eyes Only information, as designated by the Producing Party.

27.     The terms of this Protective Order shall be applicable to any third party that produces information that is designated by such third party or by a party hereto as Confidential or Attorney's Eyes Only information.

28.     On final determination of this litigation, each Party and other person subject to the terms hereof shall, within sixty (60) calendar days, assemble and, at its option, destroy or return to the Producing Party all materials, documents and things constituting Confidential or Attorney's Eyes Only information, all copies, summaries and abstracts thereof and all other materials, memoranda or documents constituting or containing Confidential or Attorney's Eyes Only information.  If destroyed, such party or person shall certify to the Producing Party, within sixty (60) calendar days, the destruction of all such materials.  Outside counsel for each Party may retain archive copies of pleadings, motion papers, written discovery responses, in addition to one set of documents produced by any Party or non-party and correspondence that include Confidential or Attorney's Eyes Only information.

29.     This Protective Order shall survive the termination of this litigation.

30.     Nothing in this Protective Order shall prevent any Party from applying to the Court for additional protection, for example, for particularly highly sensitive materials or information, such as technical, planning, manufacturing, marketing, and research and development materials and information relating to product development, that the Producing Party believes require such protection.

31.     Nothing in this Protective Order shall be construed as a waiver by any Party of its right to object to the subject matter of any request for production of documents in this action, nor as a waiver by any other Party of the first Party's obligation to make proper response to discovery requests.

- 13 -

32.     Nothing in this Protective Order shall be construed as a waiver by any Party of any objections that might be raised as to admissibility at trial of any evidentiary materials.

33.     It is not the intent of the Parties that an attorney or law firm that acquires knowledge of, or is given access to, Confidential or Attorney's Eyes Only information pursuant to this Protective Order should thereby be disqualified from other representations adverse to the Producing Party solely because of such knowledge or access.

34.     Any Party may, on motion for good cause shown, seek a modification of this Protective Order. No modification of this Protective Order that adversely affects the protection of any document produced or given by a non-party in this case shall be made without giving to that non-party appropriate notice and opportunity to be heard by the Court.

Dated:   $8-7-13$  , 2013.

BY THE COURT:

Honorable Stephen L. Crocker or
~~William M. Conley~~
United States ~~District~~ Judge
MAGISTRATE

- 14 -

## EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, _____ [print or type name], hereby acknowledges that he or she has received a copy of the Protective Order entered by the Federal District Court for the Western District of Wisconsin in Heather Johnson v. Bankers Life and Casualty Company, Case No. 3:13-cv-00144-wmc. The undersigned further acknowledges that he or she has read the Protective Order, understands the limitations it imposes on the use and disclosure of material or information designated as "Confidential" or "Confidential – Attorney's Eyes Only" and agrees to be bound by all provisions of the Protective Order.

The undersigned understands and agrees that all information and material as defined in the Protective Order, including without limitation, all copies thereof or notes made therefrom, shall be maintained in a secure manner and shall be returned no later than 30 days after the termination of this action to counsel for the party or other person who provided such information or material.

Dated: _____        _____
                              Signature

                              _____
                              Print Name

                              _____
                              Address

                              _____

- 15 -