IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HEATHER JOHNSON,

                Plaintiff,                OPINION & ORDER

v.

                                          13-cv-144-wmc

BANKERS LIFE AND CASUALTY
COMPANY,

                Defendant.

---

The court held a telephonic conference September 27, 2013, to address pending discovery and scheduling-related motions. (Dkt. ##35, 45, 66, 68.) These motions raise four issues: (1) production of customer contact information; (2) status of the second amended complaint adding Nancy Weinreis as a plaintiff and proposed class representative; (3) plaintiff's concerns about defendant's responses to discovery requests; and (4) resetting deadlines in the scheduling order issued in this case. The court issued oral rulings during the conference, and issues this written opinion to confirm, explain and clarify those rulings.

OPINION

**I. Discovery of Putative Class Members' Contact Information**

In her first set of interrogatories and document discovery, Interrogatory No. 10 provided in pertinent part: "Identify the name, last known address, email address, telephone number, or other contact information in your possession of each and every person who purchased an annuity from Bankers that contained the rider or some version

thereof." (Affidavit of Maria D. Sanders ("Sanders Aff."), Ex. A (dkt. #37-1) 4.) Defendant objected to the interrogatory on the basis that (1) it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence; (2) plaintiff is not entitled to take discovery of putative class members absent a court order; and (3) it seeks information containing private information, subject to state insurance laws and regulations. (*Id.*, Ex. D (dkt. #37-4) 7.) Plaintiff moved to compel defendant's answer to this interrogatory (dkt. #35); defendant has more recently filed a motion for protective order (dkt. #68).

In support of her argument requiring disclosure, plaintiff relies on *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981), *Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748 (7th Cir. 2000), and other cases concerning pre-certification contact with putative class members. The United States Supreme Court in *Gulf Oil* and the Seventh Circuit in *Williams* (relying on *Gulf Oil*) held that "plaintiffs have a right to contact members of the putative class," and that any order limiting communications with putative class members must be "based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil*, 452 U.S. at 104; *Williams*, 204 F.3d at 759. These cases, however, did not address whether a defendant has an obligation to produce contact information to facilitate plaintiff's pre-certification contact with putative class members.

This issue was addressed by the cases relied on by defendant in opposing the disclosure of this information. In *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978), the Supreme Court held that putative class members' names and address did not

2

fall within the allowable scope of discovery pursuant to Fed. R. Civ. P. 26(b)(1), explaining, "we do not think that the discovery rules are the right tool for this job." Rather, the Supreme Court held that this type of information falls within Rule 23(d), vesting the district court with the authority to "order one of the parties to perform the tasks necessary to send notice." *Id.* at 354-55. The Court did provide a narrow opening: "There may be instances where this information could be relevant to issues that arise under Rule 23 [e.g., numerosity, common questions and adequacy of representation], or where a party has reason to believe that communication with some members of the class could yield information bearing on these issues or other issues." *Id.* at 354 n.20. Still, the Supreme Court cautioned that even those instances likely would not "require compilation of the names and address of *all* members of a large class." *Id.* (emphasis in original). Indeed, as defendant describes at length, the cases are "legion" denying motions to compel or granting protective orders where plaintiffs have requested the production or disclosure of entire customer contact lists. (*See* Def.'s Br. in Supp. of Prot. Order (dkt. #69) 9-11.)

 During the telephonic conference, plaintiff articulated a basis for requiring production of a subset of customer contact information to aid in her motion for class certification. Specifically, plaintiff argues -- consistent with the opening provided in *Oppenheimer* -- that discovery from Bankers' customers who have purchased the annuity

3

with the rider at issue would assist plaintiff in showing commonality and typicality as required for class certification under Rule 23.[1]  The court agrees.

Accordingly, the court will deny in part and grant in plaintiff's motion to compel an answer to Interrogatory No. 10 (dkt. #35) and defendant's motion for protective order of the same (dkt. #68), by requiring that defendant select 50 customers in a random fashion agreed upon by the parties and respond to Interrogatory No. 10 with respect to those 50 customers on or before October 28, 2013.

## II.  Status of Second Amended Complaint, Adding Nancy Weinreis

The preliminary pretrial conference order set a deadline of July 15, 2013, for amendments to pleadings without leave of court.  (Dkt. #24.)  On July 3, 2013, plaintiff filed an emergency motion for extension of time to amend pleadings / add parties.  (Dkt. #45.)  Plaintiff complained that defendant's delay in the production of discovery hindered her efforts to amend the complaint to add parties.  On July 17, 2013, Judge Crocker held a hearing on plaintiff's motion to compel (dkt. #35) and defendant's

---

[1] Plaintiff's counsel is cautioned that putative class members are not clients.  *See In re Cmty. Bank of N. Va.*, 418 F.3d 277, 313 (3d Cir. 2005) ("[C]ourts have recognized that class counsel do not possess a traditional attorney-client relationship with absent class members."); 2 Joseph M. McLaughlin, *McLaughlin on Class Actions* § 11:1 (9th ed. 2012) ("The majority rule is that while named plaintiffs are clients of class counsel precertification, absent class members are not represented parties prior to class certification.").  Therefore, plaintiff's counsel should be mindful of the ethical limits on contacting unrepresented parties and prospective clients in Wis. R. of Prof'l Conduct for Att'ys 4.3 and 7.3, respectively.  Given the possibility of existing or future adversarial relationship, similar considerations apply to contacts by defendant's counsel of represented or unrepresented parties in Wis. R. of Prof'l Conduct for Att'ys 4.2 and 7.3, respectively.

motion for entry of a protective order (dkt. #47), and issued a text order providing in pertinent part that "Plaintiff should, if possible, file by July 31 a proposed amended complaint that adds new plaintiffs in order to alert defendant and the court that defendant's motion to dismiss on the ground of lack of standing (and only that ground) may be moot." (7/17/13 Text order (dkt. #51).)

Plaintiff filed a second amended complaint on July 31, 2013, adding Nancy Weinreis as a plaintiff and adding allegations specific to her purchase of the annuity at issue. (Dkt. #55.) The complaint alleges that "Weinreis is a former employer/agent of defendant Bankers who was informed of an annuity offered by Bankers that would protect certain assets during retirement." (*Id.* at ¶ 18.) Weinreis is also added as a proposed class representative. (*Id.* at ¶ 23.)

Plaintiff did not move for leave to amend the complaint, but now "seeks an order from this court permitting her to file the Second Amended Complaint." (Pl.'s Letter to Court (dkt. #65) 2.) Defendant offers two bases for opposing the Second Amended Complaint: (1) futility and (2) undue delay and prejudice. The second reason -- combined undue delay and prejudice -- is baseless. The amendment comes early in the case, immediately following the deadline for amendments (or perhaps within it, if Judge Crocker's July 17, 2013, order were deemed an extension).

Defendant's argument that the amendment would be futile has substantial merit to the extent Weinreis is being proffered as an additional class representative. Weinreis appears to be a wholly inadequate class representative on the face of the allegations in the second amended complaint, because she has a conflict of interest with the class as a

5

former employee/agent of Bankers. Indeed, as an agent, she is alleged to have engaged in the very same "unsuitable sales practices and misrepresentations relating to annuity sales" that prompts the proposed class action. (Def.'s Opp'n to Pl.'s Mot. to Amend Schedule (dkt. #74) 26 (quoting 2d Am. Compl. (dkt. #55) ¶ 55).)[2] Part of the adequacy determination turns on whether defendant has posited "an arguable defense peculiar to" the proposed class representative which may "bring into question the adequacy of the named plaintiff's representation." *See CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 726 (7th Cir. 2011) ("The fear is that the named plaintiff will become distracted by the presence of a possible defense applicable only to him so that the representation of the rest of the class will suffer." (quotation marks and citation omitted)). Here, there is no doubt that Weinreis's former position as an agent of Bankers raises a peculiar defense which would appear to render her inadequate under Rule 23(a).

While adding Weinreis as a putative class representative would be futile, the court is not prepared to conclude that Weinreis's individual claim is futile. Therefore, the court will grant plaintiff leave to proceed on her second amended complaint to add Weinreis as a named plaintiff. Defendant shall answer, move or otherwise respond to

---

[2] Defendant also cites to an August 12, 2013, letter to the court in which plaintiff's counsel represents that Ms. Weinreis will offer evidence as to the advice of Bankers' "legal counsel" in support of plaintiff's misrepresentation claims. (Def.'s Opp'n to Pl.'s Mot. to Amend Schedule (dkt. #74) 27.) Defendant argues that this allegation opens Weinreis up to possible breach of contract claim if she disclosed confidential, privileged information. (*Id.* at 27-28.) This argument is not evident from the face of the complaint and, therefore, seems less pertinent to deciding a motion for leave to amend or motion to dismiss. In any event, the court expresses no opinion on the merits of this issue at this time.

this second amended complaint on or before October 27, 2013, though defendant need not address any claims in that pleading already dismissed by the court.

### III. Remaining Discovery Issues

There are three additional discovery issues raised by plaintiff: (1) defendant's responses to plaintiff's first set of discovery; (2) defendant's document production; and (3) plaintiff's second set of discovery requests.

*First*, plaintiff contends that defendant failed to fully respond to the following interrogatories:

- Interrogatory No. 4: Identify the name, address, employer and job title of each person that has any knowledge relating to or concerning the annuity.
- Interrogatory No. 12: Itemize and all bonuses, commissions or other compensation paid to any person relating to the sale of the annuity to Johnson.

As for Interrogatory No. 4, "the annuity" is defined as the one issued to Gary K. Johnson. (Sanders Aff., Ex. A (dkt. #37-1) 2.) As such, defendant's response was reasonably limited to Craig Chapp (Johnson's agent). (Sanders Aff., Ex. D (dkt. #37-4) 5.) Defendant also acknowledges that other individuals outside of defendant's control may have knowledge, but that it does not have access to those persons. (*Id.*) Nothing more is required. In response to Interrogatory No. 12, defendant provided the commission received by Chapp. (Sanders Aff., Ex. D (dkt. #37-4) 8.) Again, nothing more is required.

*Second*, plaintiff complains of the pace (or lack thereof) of defendant's production of responsive documents. Plaintiff contends that other than the redacted OCI forms

defendant was ordered to produce, defendant has to date produced no other documents despite representing that it would do so on a "rolling basis." Both parties agree that after the court's August 15, 2013, order staying discovery, defendant was not obligated to produce documents, but dispute the extent of defendant's obligation to do so before August 15, 2013. The court need not wade into the specifics of this dispute, other than to order defendant to produce all documents responsive to the first set of discovery requests on or before October 28, 2013.

*Third*, plaintiff complains that defendant has failed to respond to her second set of discovery requests served on July 22, 2013. While defendant's failure to respond to date is understandable -- in light of both the deadline for serving initial interrogatories and document demands and Judge Crocker's August 15th stay of discovery -- the court finds no basis for any further delay in responding. Accordingly, defendant is also required to respond to the second set of discovery requests on or before October 28, 2013.

**IV. Revised Schedule**

In light of these developments, the court strikes the schedule in the preliminary pretrial conference order (dkt. #24) and sets the following deadlines governing the remainder of this action:

1. Deadline for Defendant to Produce and Respond to Discovery:   October 28, 2013
2. Deadline for Amendment to Complaint:   November 22, 2013
3. Plaintiff's Disclosure of Class Experts, C.V. and Reports:   December 4, 2013
4. Defendant's Disclosure of Class Experts, C.V. and Reports:   January 10, 2014

| | |
|---|---|
| 5. Dispositive Motion Deadline: | January 31, 2014 |
| 6. Deadline for Deposing Class Experts: | February 28, 2014 |
| 7. Plaintiff's Motion for Class Certification: | April 4, 2014 |
|     Response: | May 9, 2014 |
|     Reply: | May 23, 2014 |
| 8. Settlement Letters: | October 24, 2014 |
| 9. Final Discovery Cutoff: | October 24, 2014 |
| 10. Rule 26(a)(3) Disclosures and motions *in limine*: | November 21, 2014 |
| 11. Final Pretrial Conference: | December 9, 2014 |
| 12. Trial: | December 15, 2014 |

ORDER

IT IS ORDERED that:

1) Plaintiff's motion to compel (dkt. #35) is GRANTED IN PART AND DENIED IN PART consistent with the above opinion;

2) Plaintiff's motion for extension of time to amend pleadings / add parties (dkt. #45) and plaintiff's motion to amend briefing schedule (dkt. #66) are GRANTED IN PART AND DENIED IN PART consistent with the above opinion;

3) Defendant Bankers Life and Casualty Company's motion for protective order (dkt. #68) is GRANTED IN PART AND DENIED IN PART consistent with the above opinion; and

4) Plaintiff's proposed second amended complaint is accepted as the operative pleading. Defendant shall answer, move or otherwise respond on or before October 28, 2013; and

5) The schedule provided in the preliminary pretrial conference order (dkt. #24) is STRUCK and replaced with the schedule described above. That order remains in force in all other respects.

Entered this 30th day of September, 2013.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge